MATTER OF PADUANO

In Deportation Proceedings

A–18609140

*Decided by Board January 21, 1971*

The Board of Immigration Appeals lacks the authority to review a district director's denial of a stay of deportation sought for a purpose unrelated to the deportation proceedings.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2))]—Nonimmigrant visitor—remained longer.

IN BEHALF OF RESPONDENT:
Peter Zimmerman, Esquire
100 State Street
Boston, Massachusetts 02109

Joseph F. O'Neil, Esquire
100 State Street
Boston, Massachusetts 02109

ON BEHALF OF SERVICE:
Irving A. Appleman
Appellate Trial Attorney

This is an appeal frtm an order of a special inquiry officer deing respondent's motion to reopen the deportation proceedings. e appeal will be dismissed.

Respondent is a 28-year-old native and citizen of Italy who was mitted to the United States on March 24, 1969 as a nonimmiint visitor for business, authorized to remain for a period to ire May 24, 1969. He applied for an extension of stay but it s denied and he was given until June 3, 1969 to depart. On his lure to depart, deportation proceedings were started against 1. After a hearing at which respondent conceded deportability, special inquiry officer granted his application for the privilege voluntary departure on or before September 13, 1969, with an rnate order for his deportation to Italy if he failed to depart. pondent waived his right of appeal to this Board from that er, but failed to depart.

hereafter, respondent filed a motion to reopen the proceedings rder that he might apply for adjustment of status under sec-

tion 245 of the Immigration and Nationality Act. By order dated June 30, 1970, the special inquiry officer denied the motion for failure to show prima facie eligibility for section 245 relief. Respondent did not appeal to this Board from that order, and on July 17, 1970 the District Director issued a warrant for his deportation to Italy. On September 24, 1970, the District Director notified respondent to surrender for deportation on September 29, 1970.

On the eve of deportation, on September 28, 1970, respondent filed with the District Director an application for a stay of deportation to November 29, 1970. As reasons for the stay, the application recited that a petition for absolute divorce had been filed against respondent and a cross-petition had been prepared by his attorney. Respondent further asserted that his presence in the United States is needed in connection with that litigation. The District Director promptly denied the stay application on the same day, September 28, 1970.

Respondent filed a petition for review in the United States Court of Appeals for the First Circuit under section 106(a) of the Act, and his deportation was automatically stayed under the provisions of section 106(a)(3). We have not been informed of the recitals of the petition for review. The Court of Appeals entered the following "Substitute Decree" on November 12, 1970, *Paduano* v. *INS*, No. 7714:

This case was submitted on petition to review an order of the District Director and respondent's motion for summary action with memorandum in support thereof.

Upon consideration thereof, and it appearing, *inter alia*, that petitioner failed to exhaust his administrative remedies, the petition is dismissed for want of jurisdiction.

Because of the total frivolousness of this petition, resulting in a stay of deportation for which there is no semblance of excuse, this decree shall become effective forthwith.

On the same day, respondent filed a motion to reopen the deportation proceedings "so that he may have an opportunity to be heard on his allegation that the denial of his application for a Stay of Deportation was arbitrary, an abuse of discretion, contrary to law and a denial of due process . . ." Before us on appeal is the special inquiry officer's order of November 18, 1970 denying the motion to reopen.

At the oral argument before this Board, counsel for respondent made it clear that he was challenging only the District Director's denial of a stay of deportation. The motion to reopen and the appeal to this Board from its denial were undertaken solely to cure

the failure to exhaust administrative remedies referred to in the Court of Appeals decree, to pave the way for judicial review of the District Director's stay denial on its merits.

As counsel concedes, neither the special inquiry officer nor this Board on appeal has power to review a District Director's denial of a stay of deportation under these circumstances. Where a stay is thus sought for purposes unrelated to the deportation proceedings, under 8 CFR 243.4 the District Director's denial is not appealable and is administratively final. Judicial review of such an order of a District Director may be had by an appropriate action in the district court, not by petition for review under section 106(a) in the Court of Appeals. See *Cheng Fan Kwok* v. *INS*, 392 U.S. 206 (1968).

By availing himself of the automatic stay of deportation afforded by section 106(a)(3) of the Act and until recently afforded on appeal to this Board by 8 CFR 3.6,[1] the respondent has managed to achieve in effect the very relief denied him by the District Director on September 28, 1970; and this, by the simple expedient of bringing an action for judicial review in a court which, as the Supreme Court has clearly indicated, lacks jurisdiction to entertain it. To avoid further delay, we have expedited our decision on this appeal.

**ORDER:** It is ordered that the appeal be and it is hereby dismissed.

---

[1] That regulation has been amended, effective January 9, 1971, to eliminate automatic stay of deportation on appeal to this Board from an order of a special inquiry officer denying a motion to reopen. See 36 Fed. Reg. 316.